```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12-8-17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

16cv8027 (PKC)(GWG)

| | |
|---|---|
| CARR MASSI, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff<br><br>- against -<br><br>365 W. 20 APARTMENTS CORP., GELATO GIUSTO USA LLC, and WEINREB MANAGEMENT LLC<br><br>Defendants | |

SETTLEMENT AGREEMENT

*[Handwritten note from the Court:] The action is dismissed with prejudice and without costs. The Court will retain jurisdiction per Section 2 of the Settlement Agrmt. All motions are terminated. The case is closed.*

*SO ORDERED*
*/s/ [signature]*
*USDJ 12-7-17*

WHEREAS, this Settlement Agreement is entered into by and between Plaintiff CARR MASSI (hereinafter referred to as "Plaintiff"), and Defendants 365 W. 20 APARTMENTS CORP., GELATO GIUSTO USA LLC, and WEINREB MANAGEMENT LLC (hereinafter referred to as "Defendants" or Plaintiff and Defendants both collectively referred to as the "Parties");

WHEREAS, Plaintiff filed this action against Defendants on October 13, 2016 alleging disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296, and New York City Administrative Code pursuant to which Plaintiff sought declaratory and injunctive relief, damages, attorneys' fees, litigation expenses and costs;

WHEREAS, the parties are interested in resolving the issues alleged in the complaint in this action, and have negotiated in good faith for that purpose;

WHEREAS, none of the parties to the above-captioned action is an infant or incompetent person;

WHEREAS, Defendants deny the presence of architectural barriers or discrimination at the subject premises or that they have limited the use of the subject property by the Plaintiff or others and deny any and all liability and wrongdoing with respect to Plaintiff's claims in this action;

WHEREAS, Plaintiff and Defendants have agreed to a settlement of this action to avoid further expense, time, effort and uncertainty in regard to this action;

NOW, THEREFORE, in consideration of the mutual covenants and undertakings contained herein,

IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel as follows:

## SECTION I
## JURISDICTION

1.   By "so ordering" this Stipulation, this Court shall retain jurisdiction in this action for the purpose of interpreting or carrying out the terms of this Stipulation and granting such other and further relief as may be necessary for its enforcement. In addition, if the Court should find or hold that the defendants have breached any portion of this Stipulation, the defendants agree that the Plaintiff's causes of action against the Defendants shall be revived without right to any defenses based upon the statute of limitation, latches, estoppel or any other defenses based on lapses of time or changed circumstances or both.

## SECTION II
## GENERAL AGREEMENT

2.   The Parties acknowledge that each party has reviewed and revised this Settlement Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Settlement Agreement.

3.   This Settlement Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Settlement Agreement must be in writing and executed by the Parties hereto.

4.   Neither this Settlement Agreement or anything contained herein shall constitute or is to be construed as an admission by Defendants or as evidence of any liability, wrongdoing, or unlawful conduct.

5.   This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successor and/or assigns. The Parties shall perform their obligations under the Settlement Agreement in good faith.

6.   The Parties acknowledge they have been afforded an opportunity to consider the terms and conditions of this Settlement Agreement, that they have read and understand the terms and conditions herein, and that they have been advised to obtain counsel and have been provided

with the opportunity to consult with their respective counsel prior to their execution of the Settlement Agreement.

7.  The Parties agree that this Settlement Agreement is being consummated in New York and that performance by Defendants will be in New York County, New York. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

8.  Defendants stipulate and represent that they are the owner, lessor and sub-lessor of the facility located at 164 Ninth Ave, New York, NY. and that the Defendants have the power and authority to execute and deliver this Settlement Agreement and to perform their respective obligations hereunder. Plaintiff represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of or encumbered any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

9.  Defendants, their officers, employees, agents, successors, and assigns and all other persons in active concert or participation with them agree not to discriminate on the basis of disability as prohibited by the Title III of the Americans with Disabilities Act, New York State Civil Rights Laws § 40-c and 40-d, New York State Human Rights Laws § 296(18) and New York City Administrative Code § 8-107 *et seq*, and the accessibility guidelines set forth in the ADA Standards for Accessible Design set forth in 28 Standards for Accessible Design are provided in Title III regulations at 28 C.F.R. Part 36, subpart D and 36 C.F.R. part 1191, appendices B and D (hereinafter referred to as "ADAAG").

## SECTION III
## ALTERATIONS

10. Defendants agree as follows to make all readily achievable accessibility alterations to its facility located at 164 Ninth Ave, New York, NY. in accordance with the 2010 ADA standards for Accessible Design (hereinafter "ADAAG") as set forth in the following paragraph.[1]

11. The modifications of said barriers shall be as follows:

   a.  Defendant 365 W. 20 Apartments Corp. agrees to install a permanent ramp at the door in conformity with the plans annexed hereto as Exhibit 1. The installation shall be completed within nine months of the date of the filing of the Stipulation of Discontinuance with the Court (the "Start Date"). The time period for the installation of said ramp shall be subject to events beyond the control of Defendant, such as delay in obtaining approved building or zoning permits (application for which shall be filed no

---

[1] Standards for Accessible Design are provided in Title III regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

later than 60 days from the Start Date), failure of municipal and/or governmental agency inspectors to make inspections, contractor defaults, work stoppages or slowdowns due to labor-related disputes or severe weather conditions, acts of God, *force majeure,* acts of war or terrorism, and the like. In the event of such unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, Defendant may request from Plaintiff's counsel an extension of time to complete said installation, which consent shall not be unreasonably withheld.

b. Defendants Gelato Gusto USA represent that there is sufficient maneuvering clearance to traverse in the retail aisles in compliance with the ADA Accessibility Guidelines.

c. Defendants Gelato Gusto USA represent that a portion of Defendants' sales and service counters shall be 36 inches high maximum above the floor and 36 inches long.

d. Defendants Gelato Gusto USA represent that there shall is enough clear floor space adjacent to the accessible sales and service counters in compliance with the ADA Accessibility Guidelines § 305.



(a) forward    (b) parallel

## SECTION IV
## DAMAGES, ATTORNEYS FEES AND EXPENSES.

12. Defendants agree to pay Plaintiff the total sum of ELEVEN THOUSAND SIX HUNDRED TWENTY DOLLARS ($11,620) within twenty-one (21) days of the execution of this agreement. This amount represents the damages and attorney's fees and costs related to this action. The monetary payment shall be made by delivering to Plaintiff's attorneys, the Law Offices of James E. Bahamonde, P.C., Attn: James E. Bahamonde, Esq., 2501 Jody Court, North Bellmore, New York 11710, one (1) check made payable to James E. Bahamonde, PC in the amount of ELEVEN THOUSAND SIX HUNDRED TWENTY DOLLARS ($11,620).

13. If any portion of the monetary payment is not received within seven (7) days, an interest

at the rate of 15.9% per annum, compounded monthly, will be charged on all fees, cost or expenses.

14. If any of the aforementioned payments are not paid timely, and in the amount agreed upon herein, then plaintiff can use all legal avenues to enforce this agreement, with all attorney's fees, costs, collection fees and expenses incurred by the plaintiff and/or plaintiff's counsel to be fully reimbursed by the defendants jointly and severally. In addition, plaintiff's counsel shall be entitled to an automatic judgment against defendants for the total outstanding amount together with all attorney's fees, collection costs, and other expenses incurred in enforcing this agreement

## SECTION V
## FAILURE TO PERFORM THE ALTERATIONS

15. In the event of any litigation, including any appeals, arising from or relating to the enforcement, scope, performance or non-performance of or under this Settlement Agreement, the prevailing party will be entitled to recover all reasonable attorney's fees and costs incurred in connection therewith, including any appeal in accordance with New York City Administrative Code § 8-502.

## SECTION VI
## RELEASE

16. In exchange for Defendants' agreement to the terms set forth in this Settlement Agreement and payment of the monetary relief described in Section III, Plaintiff fully and forever releases, acquits discharges, and forever discharge with prejudice, subject to the terms of this Settlement Agreement, Defendants and all their principals, employees, agents, representatives, officers, heirs, assigns, subsidiaries, successors in interest, attorneys, and insurers of Defendants from any and all liability, claims, or rights of action, of any kind or nature whatsoever arising from the allegations set forth or described in the Complaint in this action, whether known or unknown, including all claims for reasonable attorneys' fees and costs (hereinafter, the Plaintiffs' Released Claims"), provided however, that the released claims will not include any claims to enforce any provision of this Settlement Agreement. The release to each Defendant is an individual release. No breach of this Settlement Agreement by a particular Defendant will have any impact on the release or obligations of any of the other Defendants.

17. Each Defendant fully and forever releases, acquits, and forever discharges with prejudice, subject to the terms of this Settlement Agreement, Plaintiff , her principals, employees, agents, representatives, officers, heirs, assigns, subsidiaries, successors in interest, attorneys, and insurers from any and all liability, claims, or rights of action, of any kind or nature whatsoever arising from the allegations set forth or described in the Complaint , including all claims for reasonable attorneys' fees and costs.

18. Defendants Weinreb Management LLC and Gelato Guisto USA LLC withdraw their cross claims against each other as set forth in their Answers without prejudice and reserve all claims against each other arising out of the allegations or described in the Complaint in this action including all claims for reasonable attorney fees and indemnification.

## SECTION VII
## SEVERABILITY

19. If any provision of this Settlement Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Settlement Agreement shall remain enforceable and in full force and effect, provided that both Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

## SECTION VIII
## EXECUTION IN COUNTERPARTS

20. This Settlement Agreement can be executed in counterparts, all of which shall be taken to be one and the same instrument, for the same effect as if all Parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

LAW OFFICES OF JAMES E. BAHAMONDE, PC
*Attorney for Plaintiffs*

JAMES E. BAHAMONDE, ESQ.
2501 Jody Court
North Bellmore, NY 11710
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com

Date: October___, 2017

BOYD RICHARDS PARKER & COLONNELLI P.L.
*Attorney for Defendant 365 W. 20 Apartments Corp.*

Gary Scott Ehrlich, Esq.
90 Park Ave., 23rd floor
New York, New York, NY 10016
Tel: 212-336-8191
E-mail:

Dated: October___, 2017

*Attorney for Defendant Gelato Giusto USA LLC*

/s/ Rizpah Morrow

Rizpah Morrow, Esq.
225 Broadway, #3901
New York, NY 10007
Tel: 212-593-7177
E-mail: rizpahmorrow@yahoo.com

Dated: ~~October~~ December 7, 2017

*Attorney for Weinreb Management LLC*

/s/ Todd Rothenberg

Todd Rothenberg, Esq.
271 N. Avenue, Suite 115
New Rochelle, NY 10801
Tel. 914-235-7234

Dated: October 19, 2017


It is so ORDERED this _____ day of _____, 2017.

_____

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT COURT JUDGE



1. RAMP PLAN — 3/4" = 1'-0"

2. RAMP SLOPE — 3/4" = 1'-0"



STOREFORNT ADA COMPLIANCE PROJECT
365 WEST 20TH STREET
NEW YORK, NY 10011

ARGO REAL ESTATE, LLC
50 WEST 17TH STREET
NEW YORK, NY 10011

| JOB NO. 1706 | SCALE SCALE | DATE 05.11.2017 |
| CHECKED BY: ⊥ | DRAWN BY: ⊥ | TRADE NO. 1 of 1 |

RAMP DETAIL

A-501.00

LNGINEERING CONSULTING ENGINEERING, PLLC